BROWN v. ORANGEBURG CO.

1. LYNCHING—DAMAGES.—A COUNTY is liable in damages to the personal representatives of a person lynched within her borders by a mob, whether such person be at the time a prisoner or not.

2. IBID.—IBID.—COUNTIES.—HAS THE LEGISLATURE the power, independent of the Constitution, to pass an act making a county liable in damages to the personal representative of one lynched in her borders by a mob?

Before ALDRICH, J., Orangeburg, May, 1898.    Reversed.

Action by Isaac Brown, as administrator of Lawrence Brown, against Orangeburg County for damages for the lynching of intestate by a mob.

From directed verdict in favor of defendant, plaintiff appeals.

*Messrs. Raysor & Summers* and *J. B. McLauchlin,* for appellant.    The former cite: *Similar provisions to art. 6, sec. 6, Con., have been elsewhere enacted:* 7 and 8 Geo. IV.; 9 Kan., 356; 47 Ala., 118; 52 Ala., 115.    *Acts subjecting counties and cities to damages to property destroyed by mobs are within legislative authority, and not obnoxious to Constitution:* 88 Am. Dec., 267; 37 Md., 180; 48 N. H., 197; 28 La. Am., 96; 20 Am. R., 711; 36 N. Y., 661.    *Such provisions are both remedial and penal:* 35 Am. R., 629; 45 N. H., 214; 24 L. R. A., 600.    *Construction of provisos:* 102 Mass., 163; 19 Wall., 227; 2 Ill., 258; 32 Pa. St., 153. *As to interpretation by legislature of Con. provisions:* 21 Pa. St., 188; 17 Ohio, 445; 23 Ill., 207; 71 Ga., 224; 15 Md., 376; 6 Col., 92.    *History of act may be resorted to for construction:* 2 Bail., 334; 53 S. C., 448.    *Verdict should not be directed unless total failure of proof on essential allegation:* 21 S. C., 551.

*Mr. Wm. C. Wolfe,* contra, cites: *As to the merits:* Con. (1895), art. VI., sec. 6; 22 Stat., 213.    *No action against*

*county unless expressly authorized by statute:* 29 S. C., 61.
*Constitution and act must be construed together:* 25 Ala.,
30; 109 Pa. St., 79; 2 Story, 389.   *When title of act consid-
ered in interpretation:* 3 Wheat., 610; 95 N. C., 434; 19
Fed. R., 304.   *When no interpretation needed:* 2 Bail., 334.
*"Provided"* and *"provisos:"* 21 Ala., 89; 24 How.Pr., 247.

   *Messrs. Dantzler* and *Henry Brunson,* also contra, cite:
*As to construction of constitutional provision:* 24 N. Y.,
487; 32 Miss., 650; 43 Col., 331; 72 Col., 466; 7 Md., 135;
109 N. Y., 564; 21 S. C., 382.   *Title of statute may be re-
garded as legitimate aid in construction:* 2 Bail., 334.   *No
error in directing verdict:* 13 S. C., 378.

   April 20, 1899.   The opinion of the Court was delivered
by

   MR. JUSTICE GARY.   The principal question raised by the
appeal is whether the presiding Judge was in error in direct-
ing the jury to find a verdict in favor of the defendant, on
the ground that section 6, art. VI., of the Constitution, and
the act of the legislature entitled "An act to prevent lynching
in this State," conferred upon the plaintiff no right to re-
cover damages against the defendant, as the person lynched
was not a prisoner.

   Sec. 6, art. VI., of the Constitution is as follows: "In case
of any prisoner lawfully in the charge, custody or control of
any officer, State, county or municipal, being seized and
taken from said officer, through his negligence, permission
or connivance, by a mob or other unlawful assemblage of
persons, and at their hands suffering bodily violence or
death, the said officer shall be deemed guilty of a mis-
demeanor, and upon true bill found, shall be deposed
from his office pending his trial, and upon conviction
shall forfeit his office, and shall, unless pardoned by the gov-
ernor, be ineligible to hold any office of trust or profit within
this State.   It shall be the duty of the prosecuting attorney,
within whose Circuit or county the offense may be com-

mited, to forthwith institute a prosecution against said officer, who shall be tried in such county in the same Circuit, other than the one in which the offense was committed, as the attorney general may elect. The fees and mileage of all material witnesses, both for the State and the defense, shall be paid by the State treasurer in such manner as may be provided by law: *Provided,* In all cases of lynching when death ensues, the county where such lynching takes place shall, without regard to the conduct of the officers, be liable in exemplary damages of not less than $2,000 to the legal representatives of the person lynched: *Provided, further,* That any county against which a judgment has been obtained for damages, in any case of lynching, shall have the right to recover the amount of said judgment from the parties engaged in said lynching in any Court of competent jurisdiction." The act of the legislature (22 Stat., 213,) is as follows: "That in the case of any prisoner lawfully in the charge, custody or control of any officer, State, county or municipal, being seized and taken from said officer through his negligence, permission or connivance, by a mob or other unlawful assemblage of persons, and at their hands suffering bodily violence or death, the said officer shall be deemed guilty of a misdemeanor, and upon true bill found shall be deposed from his office pending his trial, and upon conviction shall forfeit his office, and shall, unless pardoned by the governor, be ineligible to hold any office of trust or profit within this State. It shall be the duty of the prosecuting attorney, within whose Circuit or county the offense may be committed, to forthwith institute a prosecution against said officer, who shall be tried in such county in the same Circuit, other than the one in which the offense was committed, as the attorney general may elect. The fees and mileage of all material witnesses, both for the State and the defense, shall be paid by the State treasurer on a certificate issued by the clerk and signed by the presiding Judge, showing the amount of said fees due the witness. Sec. 2. In all cases of lynching, when death ensues, the county where such lynch-

ing takes place shall, without regard to the conduct of the officers, be liable in exemplary damages of not less than $2,000, to be recovered by action instituted in any Court of competent jurisdiction by the legal representatives of the person lynched, and they are hereby authorized to institute such action for the recovery of such exemplary damages. A county against which a judgment has been obtained for damages in any case of lynching shall have the right to recover the amount of said judgment from the parties engaged in said lynching in any Court of competent jurisdiction, and is hereby authorized to institute such action." The intention of the Constitution was to prevent the crime of lynching in two ways: 1st, by visiting upon the officers of the law the penalties therein mentioned, when a prisonor, lawfully in their custody, was lynched by a mob through their negligence, permission or connivance; and 2d, to induce the co-operation of the taxpayers in preventing the lynching, in order that their county might not become liable to the penalty by way of exemplary damages of not less than $2,000, to the legal representatives of the person lynched. The lynching of a prisoner, and of one in the custody of the law as such, is murder in both cases. It would, therefore, at least seem strange if the framers of the Constitution were careful to provide in the organic law of the State a remedy for preventing the lynching of a prisoner, and remained silent as to the remedy in all other cases of lynching. The constitutional provision, however, is not confined to the lynching of prisoners. The words, "without regard to the conduct of the officers," when considered in connection with the evil which the Constitution intended to remedy, must be construed to mean, without reference to what has been said in regard to the conduct of the officers, or, in other words, without reference to other provisions of the section. They were inserted for the purpose of showing that the *proviso* was to be construed independently and without regard to what preceded it. The word *"Provided"* is omitted in the act, and this fact shows that the legislature gave to the

words, "without regard to the conduct of the officers," the construction which this Court has placed upon them. It must be remembered that many of those who were members of the Constitutional Convention were, likewise, members of the General Assembly when said act was passed. While, of course, a construction placed upon the Constitution by the legislative branch of the government would not be binding upon the Courts, still in this case it is well worthy of consideration. The act intended to make the county liable for damages in those cases only which fall within the provisions of the Constitution, and it has correctly constructed the Constitution to make a county liable for damages when the person lynched was not in the custody of the law as a prisoner.

This renders unnecessary the consideration of the interesting question whether the legislature did not have the power, independently of the constitutional provision, to pass the act hereinbefore mentioned. It has been held that statutes making a community liable for damages in cases of lynching, and giving a right of recovery to the legal representatives of the person lynched, are valid on the ground that the main purpose is to impose a penalty on the community, which is given to the legal representatives, not because they have been damaged, but because the legislature sees fit thus to dispose of the penalty. Such statutes are salutary, as their effect is to render protection to human life, and make communities law-abiding. But, as we have said, our conclusion renders unnecessary a consideration of this question. It is not necessary to consider the exceptions in detail, as our views dispose of the main question in the case.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.