## MOSES v. SUMTER COUNTY.

1. CORONER—INQUEST—COUNTIES—PRESUMPTION—OFFICER—"CASE."—When a "Case" for appeal from a Circuit order requiring the county to pay the fees of a coroner for holding an inquest does not show whether the preliminary examination by the coroner required by the act of 1895 (21 Stat., 825,) has been had, the Court will assume that the coroner did his duty and held such examination.

2. COUNTY BOARD OF COMMISSIONERS—"CASE."—AN APPEAL from the county board of commissioners must be heard in the Circuit Court on such testimony only as was introduced before the board.

Before BUCHANAN, J., Sumter, October, 1898. Affirmed.

Claim by A. D. Moses against Sumter County for fees for holding inquest as coroner. From order of county board of

commissioners refusing to pay claim, claimant appealed to Circuit Court. From order of that Court reversing board, county appeals.

*Mr. A. B. Stuckey,* for appellant.

*Mr. L. D. Jennings,* contra.

July 17, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. Plaintiff, as coroner, filed for audit and payment by the board of commissioners for Sumter County a claim in due form for $10 for holding an inquest. The board refused to audit and pay the claim, because in their judgment the coroner was not authorized to hold the inquest under the act approved January 5th, 1895, 21 Stat., 825. On appeal by the coroner, the Circuit Court reversed this action of the board and gave judgment for the claim, and now the county appeals from that judgment.

The act above cited makes it the duty of the coroner in every case where a body is found dead, and an investigation or inquest is deemed advisable, "to go to the body and examine the witnesses most likely to be able to explain the cause of death, take their testimony in writing, and decide for himself whether there ought to be a trial, or whether blame probably attaches to any living person for the death; and if so, he shall proceed to summon a jury and hold a formal inquest as now required by law; but if there be, in his judgment, no apparent or probable blame against living persons as to the death, he shall issue a burial permit, and all further inquiry or formal inquest shall be dispensed with, &c." The design of this act was to dispense with formal inquests and the attendant fees and expenses, in all cases in which the coroner after a preliminary investigation by himself without a jury, should decide that no blame probably attaches to any one for the death. It is made the duty of the coroner in all cases to hold this preliminary investigation and he has no discretion to dispense with

it.   If a coroner should hold a formal inquest without the preliminary investigation required, his act would be contrary to the statute, and he would not be entitled to his fees for such inquest.   Hence, if the record in this case had shown, as an established fact, that no such preliminary investigation was had, we would be bound to hold the Circuit Court in error in giving judgment for such claim.   But no such established fact appears, and in a case of this kind we cannot review the Circuit Court on questions of fact.   In the absence of anything to the contrary, the Circuit Court was bound to assume that the coroner did his duty, and we are bound to assume such fact.   In appealing from the board to the Circuit Court, the coroner attached an affidavit to his notice of appeal.   It is well settled that an appeal from the board must be determined wholly on the evidence before the board.   *Aull* v. *Newberry Co.,* 42 S. C., 321.   There being nothing in the record to the contrary, we assume that the Circuit Court ignored this affidavit.   The record, therefore, discloses nothing except that the claim was presented by the coroner in the usual form; that no one was present at the time of death; that a formal inquest was actually held, and that the jury found that the deceased came to her death by a stroke of lightning.   On these facts the Circuit Court was correct in giving judgment in favor of plaintiff.

The judgment of the Circuit Court is affirmed.