### 6998

### CUNNINGHAM v. CLARENDON CO.

APPEAL—RETURN—EVIDENCE.—THE COUNTY BOARD OF COMMISSIONERS in passing on a claim against the county acts in a judicial capacity, from whose judgment the only remedy is appeal. The board may dispense with oral evidence and act on affidavits alone, and on appeal no affidavits can be heard by appeal court on behalf of county than those used at the hearing before the board. Where the minutes of the county board were taken as a return, without objection from the county, it cannot object here.

Before PRINCE, J., Clarendon.    Affirmed.

Action by J. H. Cunningham against Clarendon County. From judgment reversing judgment of County Board of Commissioners, defendant appeals.

*Mr. J. H. Lesesne,* for appellant, cites: Code 1902, 769, 806; 40 S. C., 276; 22 S. E., 772.

*Mr. L. D. Jennings,* contra, cites: 24 S. C., 543; 1 S. C., 403, 146, 622; 18 S. C., 150; 21 S. C., 414; 40 S. C., 276; 42 S. C., 321; 55 S. C., 502.

September 1, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The claim of the plaintiff against the County of Clarendon for four thousand nine hundred thirty-two feet of heart lumber at $20 per M, $98.64, was considered by the county board of commissioners on 6th July, 1908, and allowed at the price of only $12 per M, for the lumber, $59.18. The plaintiff appealed, and the Circuit Court held the whole amount claimed should have been allowed, and so adjudged.

We are unable to see any ground upon which the judgment can be assailed. The county board of commissioners in passing upon the claims was not only acting in a judicial capacity, but it had exclusive original jurisdiction of the matter; and the only method by which the plaintiff could bring this judgment under review was by appeal to the Circuit Court. *Jennings* v. *Abbeville Co.*, 24 S. C., 543.

The county board of commissioners might have required the plaintiff to have his witnesses appear in person to testify, but on the hearing before them the plaintiff was allowed, without objection, to introduce in evidence affidavits in support of his claim, and it was too late to object to such evidence on appeal.

The objection that the Circuit Court could not hear the appeal without a formal return from the county board of commissioners, as required by statute, can not avail the appellant, because the minutes of the county board of commissioners were taken as the return by the Circuit Court without objection on behalf of the county.

It is equally clear the Circuit Judge could not consider affidavits on behalf of the county, which were not before the county board of commissioners when the claim was adjudicated by the board. *Moses* v. *Sumter Co.*, 55 S. C., 502, 33 S. E., 581.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.