7506

### PEOPLE'S BANK v. GREENVILLE COUNTY.

JURISDICTION—COUNTIES.—The Court of Common Pleas has no original jurisdiction of a suit against a county on contract.

*Cunningham* v. *Clarendon County,* 81 S. C., 201, *affirmed.*

Before C. C. FEATHERSTONE Special Judge, Greenville, June, 1909. Affirmed.

Action by People's Bank against Greenville county on claim for the purchase price of mules furnished the county, the plaintiff being assignee of the claim. The complaint was demurred to on the ground that the Court had no jurisdiction of the cause, but it should have been presented to the Board of Commissioners for audit, approval and payment. From this order plaintiff appeals on the following exceptions:

1. "His Honor erred in not holding that the complaint contained sufficient facts to constitute a cause of action in that it alleges that plaintiff and defendants are capable of suing, and of being sued in the Court of Common Pleas, and the cause of action is one recognized by the laws of the State of South Carolina.

2. "Error in holding that the Court was bound by the case of *Cunningham* v. *Clarendon County,* 81 S. C., page 201, the precise question here involved not being involved in the said case, to wit: under the Constitution of 1895 and the statutes of this State, has the Court of Common Pleas jurisdiction of a suit against Greenville county?

3. "Error in not holding that the case of *Jennings* v. *Abbeville County* (24 S. C., page 543), and the subsequent cases based thereon, have no application now, since under the Constitution of 1895 there is no such Court as the Board of County Commissioners, and under the said Constitution and the statutes of this State (Code, Vol. 1, 529), Greenville county is a body corporate and can sue and be sued as any other corporation, and the Court of Common Pleas has jurisdiction in all such cases.

4. "Error in not holding that the complaint contained facts sufficient to constitute cause of action and in not overruling the demurrer."

*Mr. Jos. A. McCullough,* for appellant, cites: *The provision in the Constitution of 1868, upon which Jennings v. Abbeville County, and other cases, was bottomed, was repealed and no such provision incorporated in the Constitution of 1895, and that under said Constitution the Court of Common Pleas has jurisdiction in all civil cases:* Constitution, 1895, art. VII, sec. 9, art. V, Sec. 15; Code, 1902, 529; Con., 1868, art. IV, sec. 19; 20 Stat., 649; 24 S. C., 544; Code, 1902, 1347.

*Messrs. Hodges & Daniel,* contra, cite: *The Court of Common Pleas has no jurisdiction of this cause:* 81 S. C., 201; 40 S. C., 276; 24 S. C., 543; Con., 1868, art. IV, secs. 15, 19; Con., 1895, art. V, sec. 1. *County cannot be sued without permission given:* 20 S. C., 116; 42 S. C., 17; 24 S. C., 548.

March 17, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The appeal is from an order sustaining a demurrer to a complaint in which a creditor of Greenville county sues the county upon a contract.

The sole question is whether the Court of Common Pleas has original jurisdiction in a suit against a county based upon a contract.

Appellant concedes that the case of *Cunninghim* v. *Clarendon County,* 81 S. C., 201, 62 S. E., 212, is conclusive of the question and requests that the case be overruled.

After consideration we adhere to the rule stated in that case.

The judgment of the Circuit Court is affirmed.