8057

DuPRE v. LEXINGTON COUNTY.

Counties—County Board of Commissioners—Torts—Jurisdiction—Bar.—Under sec. 1347 of Code of 1902, county board of commissioners have concurrent jurisdiction with magistrate and Circuit Courts in actions *ex delicto* against the county. Under sec. 806 of Code of 1902 the county board of commissioners have jurisdiction of claims *ex delicto* against the county, and where such claim is properly presented to the board and payment refused, no appeal being taken, such judgment is a bar to an action on the same cause of action in the magistrate court.

Before GAGE, J., Lexington, January 5, 1911.   Reversed.

Action by Ernest DuPre against Lexington County. From order affirming judgment of Magistrate Henry Buff, defendant appeals.

*Messrs. J. B. Wingard* and *Efird & Dreher,* for appellants.   *Mr. Wingard* cites: *The county board has jurisdiction of this claim:* Con., art. V, sec. 1, Code 1902, secs. 755, 806, 1347; 24 S. C. 546; 81 S. C. 424, 202; 85 S. C. 296.

*Mr. W. W. Hawes,* contra, cites: *The county board has no jurisdiction of claims ex delicto against the county:* 11 Cyc. 390; 24 S. C. 534; 27 S. C. 421; Code 1902; secs. 1347, 1348; 32 S. C. 1.

December 19, 1911.   The opinion of the Court was delivered by

Mr. Chief Justice Jones.' In October, 1909, plaintiff filed with the county board of commissioners of Lexington county an itemized and verified claim of $99.75 against the county for damages to his automobile alleged to have been caused by collision with a stump in the public highway.   The county board in January, 1910, passed upon the claim and disapproved it.   No appeal was taken from this action of the board, but on April 2, 1910, plaintiff brought suit in a magistrate's court for the said amount claimed as damages due to the negligence of the county in leaving the stump in the public highway.   The defendant, in addition to a general denial, set up the judgment of the county board of commissioners on the claim filed with it as a bar to the action. This last defense was overruled and judgment was had for the plaintiff, which was affirmed on appeal to the Circuit Court.

The question presented is whether this action *ex delicto* could be prosecuted in the magistrate's court in view of the filing of the claim with the county board in October, 1909, and the action of the board thereon, from which no appeal was taken.

With respect to ordinary claims against the county, this Court has often held that the county board acts judicially in passing upon them and that the only method of review is by appeal to the Circuit Court.   *Jennings* v. *Abbeville County,* 24 S. C. 546; *Bank* v. *Goodwin,* 81 S. C. 424, 62 S. E. 1100; *Cunningham* v. *Clarendon County,* 81 S. C. 602, 62 S. E. 845; *Peoples Bank* v. *Greenville,* 85 S. C. 296, 67 S. E. 296.

The provision of section 806 of the Civil Code of 1902 providing for the auditing and payment by the county board of commissioners of accounts for "labor performed, fees, services, disbursements, or *any other matter* * * *" is broad enough to cover a claim for injury to an automobile resulting from a defect in a highway, and to confer jurisdiction on the county board to act judicially in the matter.

The provision of section 1347 of volume I, Civil Code, giving the right to a person receiving damage in person or property through a defect in or negligent repair of a highway to recover actual damages therefor *in an action against the county,* does not place exclusive jurisdiction in the magistrate or Circuit Court, but gives these courts concurrent jurisdiction. The plaintiff may have elected originally to bring his action in the magistrate's court, but having elected to submit his claim to the jurisdiction of the county board, he is bound thereby and should have appealed from the action of the board. It may seem strange that the legislature should be regarded as conferring upon the county board jurisdiction to pass upon a matter involving its own negligence, but the same consideration could be urged against the admitted right of the county board to pass upon its liability under its own contracts. The right of review in the Circuit Court is ample, and there is advantage in having a uniform rule with respect to all claims submitted to the county board.

The judgment of the Circuit Court is reversed, and the complaint dismissed.