9098

CANTEY, AS ADMR., v. CLARENDON COUNTY.

(85 S. E. 228.)

STATUTES. CONSTRUCTION. WORDS AND PHRASES. DEFINITION.

1. STATUTES—CONSTRUCTION.—It is the duty of the Court to construe the statutes and Constitution, and to instruct the jury as to the meaning of the words used therein.
2. STATUTES—CONSTRUCTION.—Words used in a statute, dealing with legal procedings, are to be given their technical meaning, unless a contrary intention appears.
3. WORDS AND PHRASES.—The word "mob," used in Const. 1895, art. VI, sec. 6, and Civil Code 1912, sec. 3947, as the alternative of "unlawful assemblage," is to be given the same meaning.

Before RICE, J., Manning. Fall term, 1914. Affirmed.

Action by Madison Cantey, as administrator of the estate of Marion Cantey, deceased, against Clarendon County. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. Purdy & O'Bryan,* for appellant, cite as to definition of "mob:" 27 Cyc. 812, 813; 10 Daly (N. Y.) 300; 10 L. R. A. 926; 40 Tex. Crim. Rep. 411; 15 A. & E. Enc. of L. 598; 29 Tex. Crim. App. 573; 41 Tex. Crim. App. 59.

*Messrs. Davis & Wideman,* for respondent, cite: *"Mob:"* 5 Words and Phrases 4549; 40 Tex. Cr. R. 395; 50 S. W.

FOOTNOTE.—As to what constitutes a "mob," for whose acts a municipality is liable, see notes in 11 A. & E. Ann. Cas. 185, and 18 *Ib.* 151, and 10 L. R. A. (N. S.) 925; 44 L. R. A. (N. S.) 358 to 361; 20 L. R. A. (N. S.) 277, and 24 L. R. A. 592.

716.. *"Riot."* 1 Russell on Crimes; .20 L. R. A. 279; 2 McC. 117; 3 Rich. 337; 7 Words and Phrases 6240; 21 A. & E. Enc. 408; 4 Blackstone 147; 16 S. C. 491; 14 Rich. 215; 1 Hill 362; 45 L. R. A. (N. S.) 519; Bishop Crim. L., sec. 1143; 43 S. C. 123. *"Unlawful assembly."* 39 Cyc. 831; 11 Daly (N. Y.) 183; 8 Words and Phrases 7187; 27 A. & E. Enc. of L. 684; Hawk. P. C., ch. 65, par. 9. *"Lynching."* 5 Words and Phrases 4262, 4263. *Construction of statutes:* 16 S. C. 187; 26 S. C. 290; 3 Hill. 96; 82 S. C. 243; 36 Cyc. 1183, 1184; *Ib.* 1118; 23 A. & E. Enc. of L. 234; *26 Ib.* 401; 55 S. C. 49.

May 6, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The plaintiff recovered judgment against Clarendon county for two thousand dollars exemplary damages for the lynching of his intestate, Marion Cantey, who was taken from the custody of two constables who were carrying him to jail on a warrant which charged him with assault and battery with intent to kill. One of the constables testified that there were eight or nine persons in the crowd which took Cantey from their custody and shot him to death.

By section 6 of article 6 of the Constitution and the statutes enacted thereunder, the lawmakers undertook to make a law which would at least aid in preventing the crime of lynching in this State. The Constitution provides that, in case a prisoner lawfully in custody of an officer is taken from his custody, through his negligence, permission or connivance, "by a mob or other unlawful assemblage of persons," and at their hands, suffers bodily violence or death, the officer shall be guilty of a misdemeanor and provides for his prosecution, and suitable penalties on conviction. The same section provides that, in all cases of lynching, when death ensues, the county where such lynching takes place shall be liable to the legal representative of the

person lynched in exemplary damages of not less than $2,000.

Appellant's sole contention is that the trial Judge erred in instructing the jury what constitutes "a mob or other unlawful assemblage of persons," and in not leaving it to them to find, without such instruction, whether the persons who lynched Cantey constituted "a mob or other unlawful assemblage of persons" within the meaning of the Constitution and statutes.

It was clearly the duty of the Court to instruct the jury and explain to them the meaning of the words used in the Constitution and statutes. It is a well settled rule of construction that technical words or phrases used in a statute—especially one dealing with legal proceedings—shall have their technical meaning, unless a contrary intention appears. The phrase "unlawful assemblage" has a technical meaning, and by using it as the alternative of the word "mob" it is clear that the lawmakers intended that "mob" should mean the same as "unlawful assemblage." Therefore the Court correctly defined the word "mob" as an "unlawful assemblage of persons" and correctly defined the latter phrase according to the standard textbooks and our own decisions.

Judgment affirmed.