10463

BEST v. BARNWELL COUNTY.

(103 S. E. 479.)

1. JURY—PROVISION OF CONSTITUTION PRESERVING JURY TRIAL APPLIES TO CIVIL CASES.—Const., art. I, sec. 25, providing that the right of trial by jury shall be preserved inviolate, applies to civil as well as criminal cases.

2. JURY—ACTION ON COUNTY'S LIABILITY FOR LYNCHING TRIABLE BY JURY.—An action for damages against a county for lynching plaintiff's intestate, under Const., art. VI, sec. 6, and Civ. Code 1912, sec. 3947, is for money only, and at common law was triable by jury.

3. COUNTIES—CLAIM FOR DAMAGES FOR LYNCHING NOT BARRED BY REJECTION BY COUNTY BOARD.—In view of Const., art. I, sec. 25, art. V, secs. 5, 15, 22, art. VI, sec. 6, Civ. Code 1912, secs. 991, 3947, and Code Civ. Proc. 1912, secs. 312, 326, *held* that a claim for damages for lynching was not foreclosed or lost by the fact that it had been filed and considered before the county board of commissioners and its payment refused; for, it being the clear intention of the Constitution and Civ. Code 1912, sec. 3947, that the representatives of the person lynched should bring their actions in the Court of Common Pleas, the county board of commissioners have no jurisdiction of such an action or claim for damages.

4. VENUE—ACTION FOR LYNCHING DAMAGES NOT TO BE TRANSFERRED TO NEW COUNTY FORMED FROM OLD.—Where, subsequent to a lynching in B. county, but prior to trial of claim of damages therefor against B. county, a new county was formed from portions of B. county and another county, a provision in the act forming the new county for transfer to the Court calendar of the new county of pending civil actions in the two old counties, "in which the defendant resides in that portion of said counties now established as" the new county, was inapplicable to support the contention that the lynching damages action should be transferred to the new county for trial, as it could not be successfully contended that the defendant resided in any particular portion of B. county.

5. COUNTIES—NEW COUNTY NOT NECESSARY PARTY IN ACTION FOR LYNCHING DAMAGES.—Where, subsequent to a lynching in B. county, but prior to trial of claim of damages therefor against B. county, a new county was formed from portions of B. county and another county, by an act providing for a commission with ample powers to adjust the indebtedness between the counties, there was no necessity for making the new county a party defendant in the action for lynching damages.

6. TRIAL—CHARGE CONSIDERED AS A WHOLE.—A charge must be considered in its entirety.

Before WILSON J., Barnwell, Fall term, 1919.    Affirmed.

Action by Georgiana Best, admx. of the estate of Walter Best, deceased, against the County of Barnwell for damages for the lynching of Walter Best.    Judgment for plaintiff, and defendant appeals.

*Messrs. Brown & Bush,* for appellant, cite: *Allendale county a proper party defendant:* Act 1919 (31 Stat. 5). *Board of county commissioners had jurisdiction:* Sec. 999, I Civ. Code 1912. *Claim for lynching under sec. 6, art. VI, Const., 1895, and sec. 3947, I Civ. Code, could be brought "in any Court of competent jurisdiction." Claim having been presented to board of county commissioners and refused, remedy was by appeal to the Circuit Court:* 24 S. C 543; 90 S. C. 180; 81 S. C. 424, 62 S. E. 1100; 81 S. C. 602, 62 S. E. 845; 85 S. C. 296, 67 S. E. 296. *What is a mob?* 27 Cyc. 812; Words & Phrases, vol. V, 4548, 4549.

*Mr. J. M. Patterson,* for respondent, cites: *Appellant's rights fully protected under act 1919:* 31 Stat. 5. *Courts of competent jurisdiction:* Sec. 9, Code, vol. II; *and their jurisdiction:* Sec. 10. *Under sec. 3974, I Civ. Code, county, is given right of recovery "in any Court of competent jurisdiction," which could not mean the board of county commissioners. The DuPre case (90 S. C. 182) was for defect in highway and peculiarly in custody and control of board of county commissioners. In case of judgment previous recovery must be pleaded and proved, or Court can render judgment in second action:* Sec. 211, II Civil Code; 34 S. C. 468.

June 28, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages against Barnwell county for the lynching of Walter Best on the 23d of February, 1918. The case was tried at the December, 1919, term of the Court of Common Pleas for Barnwell county, and resulted in a verdict for the plaintiff in the sum of $2,000, and the defendant appealed. The first exception that will be considered is as follows:

"Because his Honor erred in not directing the nonsuit for the defendant when it was admitted in the record that

the claim sued upon had been filed and considered before the county board of commissioners for Barnwell county and its payment refused."

Section 6, art. VI, of the Constitution is as follows:

"* * * In all cases of lynching when death ensues, the county where such lynching takes place shall, without regard to the conduct of the officers, be liable in exemplary damages for not less than two thousand dollars to the legal representatives of the person lynched: *Provided, further,* That any county against which a judgment has been obtained for damages, * * * shall have the right to recover the amount of said judgment from the parties engaged in said lynching in any Court of competent jurisdiction."

The act of 1896, incorporated in the Code of Laws as section 3947, uses practically the same language.

Section 1, art. V, of the Constitution is as follows:

"The judicial power of the State shall be vested in a Supreme Court, in two Circuit Courts, to wit: A Court of Common Pleas having civil jurisdiction and a Court of General Sessions with criminal jurisdiction only. The General Assembly may also establish County Courts, municipal Courts and such Courts in any or all of the counties of this State inferior to the Circuit Courts as may be deemed necessary."

Section 15, art. V, of the Constitution provides that "The Courts of Common Pleas * * * shall have jurisdiction in all civil cases."

Section 22 contains the provision that "The jury in cases civil or criminal in all municipal Courts, and Courts inferior to Circuit Courts shall consist of six. * * * The petit jury of the Circuit Court shall consist of twelve men."

Section 25, art. I, of the Constitution is as follows: "The right of trial by jury shall be preserved inviolate."

This applies to civil as well as criminal cases. *Smith v. Bryce,* 17 S. C. 542; *Frazee v. Beattie,* 26 S. C. 348, 2 S. E. 125.

Section 312 of the Code of Civil Procedure provides that "An issue of fact, in an action for the recovery of money only, or of specific real or personal property, must be tried. by a jury, unless a jury trial be waived, as provided in section 326, or a reference be ordered."

Section 326 is as follows: "Trial by jury in the Court of Common Pleas may be waived by the several parties to an issue of fact in actions on contract, and with the assent of the Court in other actions, in the manner following:

"1. By failing to appear at the trial.

"2. By written consent, in person, or by attorney, filed with the clerk.

"3. By oral consent in open Court, entered in the minutes."

The action herein is for money only, and at common law was triable by a jury. *Ex parte Landrum,* 69 S. C. 136, 48 S. E. 47; *Pratt v. Timmerman,* 69 S. C. 186, 48 S. E. 255.

The words "in any Court of common jurisdiction," used once in the constitutional provision, and twice in section 3947 of the Code of Laws, show conclusively that the intention was that the action should be brought in a Court, and that the exemplary damages should be assessed by a jury. As the amount of a recovery is unlimited, the only Court having competent jurisdiction to try the case is the Court of Common Pleas. Even if the words "in any Court of competent jurisdiction" had not been inserted, the same necessity would require that the action be brought in the Court of Common Pleas.     . .

"Statutes making a community liable for damages in cases of lynching, and giving a right of recovery to the * * * representatives of the person lynched, are valid on the ground that the main purpose is to impose a penalty on

the community, which is given to the legal representatives, not because they have been damaged, but because the legislature sees fit thus to dispose of the penalty. Such statutes are salutary, as their effect is to render protection to human life, and make communities law-abiding." *Brown v. Orangeburg,* 55 S. C. 45, 32 S. E. 764, 44 L. R. A. 734.

Such being the public purpose of the constitutional provision and section 3947, it was clearly their intention that the representatives of the person lynched should bring their actions in the Court of Common Pleas and the county board of commissioners have no jurisdiction of such an action or claim for damages.

The appellant's attorney relies upon the following cases: *Jennings v. Abbeville,* 24 S. C. 546; *Bank v. Goodwin,* 81 S. C. 424, 62 S. E. 1100; *Cunningham v. Clarendon,* 81 S. C. 201, 62 S. E. 212; *Peoples Bank v. Greenville County,* 85 S. C. 297, 67 S. E. 296; *DuPre v. Lexington,* 90 S. C. 180, 73 S. E. 70.

Section 991 of the Code of Laws, which was construed in those cases, is as follows:

"No accounts shall be audited and ordered to be paid by the county board of commissioners for any labor performed, fees, services, disbursements, or any other matter, unless it shall be made out in items and accompanied with an affidavit attached thereto, and made by the person or officer presenting or claiming the same, that the said items are correct, and that the labor fees, disbursements, services or other matters charged therein have been in fact done, made, rendered or are due, and that no part of the same has been paid."

The county board of commissioners does not possess the constituent elements of a Court in the sense mentioned in the constitutional provision and section 3947. It has no machinery for trial of cases by jury; and its jurisdictional defects could not be waived by the plaintiff, as they pertain to the subject matter and not to the person.

The next question for consideration is whether there was error on the part of his Honor, the presiding Judge, in refusing defendant's motion to transfer the case to Allendale county for trial.   On the 6th of February, 1919, an act was passed, creating the county of Allendale from portions of Barnwell and Hampton counties (31 St. at Large, p. 5).   This was subsequent to the lynching, but prior to the trial of the case herein.   Section 14 of that act provides:

"That such civil actions or proceedings now pending in the counties of Barnwell and Hampton in which the defendant resides in that portion of said counties now established as Allendale county, * * * shall be transferred to the calendars of the Court of Common Pleas * * * for the county of Allendale."

The said provision is not applicable to this case, as it cannot be successfully contended that the defendant resided in any particular portion of Barnwell county.

We proceed to determine the question whether his Honor, the presiding Judge, erred in refusing to make Allendale county a party defendant.   Section 8 of said act is as follows: "The Governor is hereby authorized, empowered and directed to appoint a commission of five persons, one of whom shall be a resident of Hampton county, one a resident of Barnwell county, two residents of Allendale county, and the remaining one a resident of some other county, which said commission shall divide and apportion between said new county and said old counties the present lawful and *bona fide* indebtedness of said old counties, as provided by the Constitution of this State."

This commission was vested with ample powers to adjust the indebtedness between said counties, and there was no necessity for making Allendale county a party defendant.

The next question is whether the Circuit Judge erred in not allowing the witness, W. H. Duncan, to testify from the indictment, which was offered in evidence as a part of

10—S. C. 114

the inquisition papers, in the matter of the death of Walter Best. The record contains the following statement:

"W. H. Duncan, a witness for the defendant, testified that he is clerk of Court for Barnwell county; identified an indictment charging 17 men with murder. Upon objection by counsel for the plaintiff the Court refused to allow the witness to read from the back of the indictment names of the witnesses, or from the face of the indictment the names of the defendants, or to read from the indictment the findings of the grand jury. The indictment was offered in evidence as a part of the record in connection with the inquisition over the dead body of Walter Best during February, 1918."

The appellant's attorneys have failed to show any prejudicial error.

The last exception is as follows: "That his Honor erred in charging the jury, as a definition of what constitutes a mob, as follows: 'Now, what is a mob? Well, it is more than one person. It is more than one person, who are assembled together and acting in an unlawful manner, doing an unlawful act and violating the law'—it being respectfully submitted that the words in question are not a proper definition of what constitutes a mob."

When the charge is considered in its entirety it will be seen that this exception cannot be sustained. *Cantey v. Clarendon,* 101 S. C. 141, 85 S. E. 228.

Affirmed.