12452

ROSS v. PICKENS COUNTY

(143 S. E., 366)

HIGHWAYS—ACTION AGAINST COUNTY FOR BREACH OF HIGHWAY CONSTRUCTION CONTRACT HELD MAINTAINABLE IN COURT OF COMMON PLEAS.—Action against county for breach of highway construction contract, approved by State Highway Engineer, *held* maintainable in Court of Common Pleas, as against objection that it was within exclusive jurisdiction of County Board of Commissioners, since State Highway Commission had some authority in premises, and federal statute governed in so far as federal aid was concerned.

Before MANN, J., Pickens, May, 1925. Reversed.

Action by J. B. Ross against Pickens County. From an order sustaining defendant's demurrer and dismissing complaint, plaintiff appeals.

This action was brought by the plaintiff against the defendant on August 8, 1924, and there are set forth in the complaint three distinct causes of action. The first cause of action is based upon the breach of contracts by Pickens County, entered into between Pickens County and J. B. Ross, Jr., and approved by the State Highway Engineer on January 13, 1923, relating to the construction of a road leading from Pickens, S. C., to the North Carolina line near Rosman, N. C., the road to be constructed being ap-

proximately ten miles in length, and said contracts were entered into by the parties.

The breaching of the contracts set forth in the complaint was based upon the failure and refusal to pay to the contractor, J. B. Ross, Jr., by the county, money which was due thereunder, and the contractor, J. B. Ross, Jr., was prevented thereby from performing his said contracts and the first cause of action was for the sum of $30,000.

The second cause of action sets forth a breach of the said contracts in not paying the sum of $3,800 past due thereunder, and prevented the performance thereof by the said J. B. Ross, Jr., and asked for the sum of $6,500, the amount of money which had been retained under the said contracts as the work progressed, being 10 per cent. thereof.

The third cause of action set forth in the complaint alleged that the said J. B. Ross, Jr., had done considerable work outside of the contracts and approved by the parties hereto, and plaintiff asked for the sum of $20,500, the amount of the extra work so performed.

Order of Judge Mann:

"The above-stated case was heard by me upon a demurrer to the complaint filed by the defendant. At the hearing plaintiff objected to the consideration of the demurrer under Section 756 of Volume 1 of the Code of Civil Procedure. No other objection to the hearing was made. From the admissions of counsel at the hearing it appears that notice of the demurrer was given by defendant, for a hearing before Judge Mauldin at Chambers in Pickens. Judge Mauldin having gone out of the circuit, the plaintiff gave notice of a hearing of a demurrer before me. I do not think this action applies to a case like this, but that a demurrer may be heard either by a resident Judge or a Circuit Judge holding Court in the circuit, and that I have, therefore, the right to hear this demurrer.

"The grounds of the demurrer were as follows: (1) 'That a county cannot be sued upon a cause of action in the absence of a statute authorizing such suit, and the only statutes of this state which authorize a suit of this kind to be maintained against a county are Sections 1065 and 1112, Volume 3, Code of Laws 1922.' (2) 'A county cannot be sued in the absence of a statute, and there is no statute in this state authorizing an action of this kind to be brought or maintained in the Court of Common Pleas; that the only statutory authority for the enforcement of the cause of action here sued on is in Sections 1065 and 1112 of Volume 3, Code of Laws of 1922, and that the statutory remedy afforded by these sections is exclusive and deprives this Court of jurisdiction of the subject of this action.'

"After hearing full argument and careful consideration of this matter, I am satisfied that a county cannot be sued in the absence of a statute authorizing such suit, and that the only statutes of this state which authorize a suit of this kind to be maintained against a county are Sections 1065 and 1112 of Volume 3, Code of Laws of 1922, and that for this reason the Court of Common Pleas is without jurisdiction to entertain this action.

"It is therefore ordered that the demurrer to the complaint filed by the defendant be and the same is hereby sustained; that the complaint in the above-entitled action is hereby dismissed upon the ground that this Court is without original jurisdiction of the subject of the action, the board of County Commissioners being the Court under which the decisions of this state is the Court having exclusive original jurisdiction of the cause of action sued on in the complaint."

*Messrs. Carey, Christopher & Chapman; Dean, Cothran & Wyche,* and *W. C. Hughs,* for appellant, cite: *"Federal aid projects":* Act of Congress, Ch. 241, 39 Stat. L., 355; 31 S. C. Stat., 1072. *Error to sustain demurrer under facts of case:* 103 S. E., 787. *Cases distinguished:* 24 S. C.,

549. *County can be sued:* Sec. 667, Code. *Motion may be transferred by order of one Judge to another:* Sec. 756, Code Civ. Proc.; 6 S. C., 472.

*Messrs. Martin & Blythe, Craig & Keith,* and *W. E. Findley,* for respondent, cite: *Not applicable to case at bar:* Sec. 765, Code. *Effect of mistrial is to leave the case as if no trial had ever been had:* 24 S. C., 86. *Where permission of state given to determine liability of counties ex delicto:* Secs. 1061–1112, Code. *The state cannot be sued except by its consent:* 132 S. C., 231, 252; 129 S. C., 257, 262. *County is part of state government:* 42 S. C., 17, 20. *Remedy given by statute exclusive:* 36 Cyc., 913; 21 S. C., 560, 570; 24 S. C., 543; 79 S. C., 316; Ar. 14, Sec. 4, Const.; 15 C. J., 646; 40 S. C., 276; 81 S. C., 201; 81 S. C., 419; 84 S. C., 410; 85 S. C., 297; 87 S. C., 270; 90 S. C., 180. *Authority to sue in Court of Common Pleas:* Sec. 2948, Code; 114 S. C., 123; 109 S. C., 301; 113 S. C., 466; 132 S. C., 241. *Cases distinguished:* 114 S. C., 469.

May 21, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is an appeal from an order of Judge Mann sustaining a demurrer and dismissing complaint in this case. Judge Mann's order will be reported.

There were four exceptions. The third was abandoned. The first and second exceptions raise the following questions:

"The first exception raises the question that it was error for his Honor, Judge Mann, to hold that in a case, such as we have here, the County Board of Commissioners of Pickens County had exclusive original jurisdiction of the subject-matter of the action, and that the Court of Common Pleas did not have original jurisdiction thereof." "The

second exception alleges error in holding that there was no statute authorizing suit against the county in a suit such as this."

These exceptions are sustained. It was not a matter of which the authorities of Pickens County had exclusive control. The highway commission of the state had some authority in the premises, and federal aid was required; the act of Congress governed in so far as federal aid was concerned.

The Pickens authorities in charge of the matter had canceled the contracts, and the appellant had every reason to think that if he presented his claim to them they would refuse to pay; to present the claim under existing conditions would have been foolish. The order appealed from is reversed under *Bank of McCormick v. McCormick County,* 114 S. C., 469; 103 S. E., 787. *Best v. Barnwell County,* 114 S. C., 123; 103 S. E., 479.

The fourth exception is unnecessary to consider. Order appealed from is reversed.

MESSRS. JUSTICES BLEASE and STABLER, and MR. ACTING ASSOCIATE JUSTICE PURDY concur.

MR. JUSTICE COTHRAN (dissenting) : I do not see how it is possible to escape the conclusion of the Circuit Judge sustained by the authorities cited by respondent.