0266

Beverly BROWN and Thomas Brown, Appellants, v. The COUNTY OF LEXINGTON, Respondent.

(320 S. E. (2d) 498)

Court of Appeals

*Donald E. Rothwell,* Columbia, *for appellants.*

*Archie L. Harman* of *Rawl, Purcell & Harman,* Lexington, and *James B. Richardson, Jr.,* of *Ham & Richardson,* Columbia, *for respondent.*

Heard July 31, 1984.

Decided Sept. 14, 1984.

GARDNER, Justice:

Plaintiffs Brown brought this action for personal injury and loss of consortium against Lexington County 23 months after an automobile accident which was allegedly caused by the county's negligent failure to maintain a county road. Section 57-17-810, Code of Laws of South Carolina, 1976, specifically authorizes such suits against counties;[1] however, § 57-17-830 provides, *inter alia,* that as a prerequisite to the cause of action a verified claim must be filed with the county board within 180 days and the suit must be instituted within one year of the accident. The trial judge sustained the county's demurrer on the grounds that the prerequisites prescribed by § 57-17-830 were not complied with. We agree and affirm.

On appeal, plaintiffs Brown innovatively argue their action is brought, or at least is maintainable, under § 4-13-10, Code of Laws of South Carolina, 1976. The case of *DuPre v. Lexington,* 90 S. C. 180, 73 S. E. 70 (1911), holds that § 4-13-10, the general claims statute for counties, is broad enough to cover a claim for damage to an automobile resulting from a defect in a highway and that § 4-13-10 confers jurisdiction in the county board to act judicially in the matter when a verified and properly itemized claim is filed with the county board. *DuPre* also holds that one has a right of appeal from an adverse ruling by the county board to the Court of Common Pleas.

Plaintiffs Brown's complaint, although it alleges the filing of a claim with the county board, does not constitute an appeal from an adverse holding of the county board. The complaint alleges causes of action which are brought in the original jurisdiction of the Court of Common Pleas. We conclude and hold that the complaint of plaintiffs Brown does not state a cause of action to which § 4-13-10 could be relevant.

Plaintiffs Brown next argue that since § 57-17-810 was not mentioned in the complaint, the trial judge erred by holding that the prerequisite prescribed by § 57-17-810 are applicable. This argument is nonpersuasive because of the doctrine of sovereign immunity which precludes

[1] The authorization is necessary because of our recognition of the doctrine of sovereign immunity. *Shea v. State Department of Mental Retardation,* 279 S. C. 604, 310 S. E. (2d) 819 (S. C. App. 1983).

any action in the original jurisdiction of the Court of Common Pleas against a county for injuries proximately resulting from negligent maintenance of a county road unless the action is one authorized by § 57-17-810. We accordingly hold that, under the circumstances of this case, the learned and esteemed jurist who heard the demurrer correctly analyzed the complaint as one brought pursuant to § 57-17-810 and demurrable perforce of § 57-17-830.

For the foregoing reasons, the judgment below is

Affirmed.

SANDERS, C. J., and CURETON, J., concur.